


**FILED**
**Mar 22, 2022**
**08:41 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Reazkallah Abdelshahaed | )    Docket No.    2020-05-0836 |
| | ) |
| v. | )    State File No.   56254-2020 |
| | ) |
| Taylor Farms, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Dale A. Tipps, Judge | ) |

---

### Affirmed and Certified as Final

---

The employee alleged a work-related repetitive injury to his right hand. He initially sought unauthorized medical treatment and then selected an authorized physician from an employer-provided panel. Following a compensation hearing, the trial court concluded the employee was not entitled to workers' compensation benefits because he did not prove his alleged injury was primarily caused by his work for the employer. The employee has appealed. We affirm the trial court's decision and certify it as final.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge David F. Hensley joined.

Reazkallah Abdelshahaed, LaVergne, Tennessee, employee-appellant, pro se

Peter S. Rosen, Nashville, Tennessee, for the employer-appellee, Taylor Farms

### Memorandum Opinion[1]

Reazkallah Abdelshahaed ("Employee") was employed by Taylor Farms ("Employer") when he allegedly suffered a work-related repetitive trauma injury to his right ring finger. After reporting the injury to Employer, he initially sought unauthorized medical treatment with Dr. Adam Cochran because he believed Employer was unreasonably delaying medical care. Dr. Cochran took him off work for a period of time

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

1

and provided a note indicating the "[t]rigger finger is most likely work related. (51% more likely)." Employer subsequently provided a panel of physicians from which Employee selected Dr. Joseph Weick. Dr. Weick examined Employee and agreed with Dr. Cochran's diagnosis of trigger finger in the right ring finger. With respect to causation, Dr. Weick stated there is "no evidence that this is specifically work related. [Employee] has no specific history of injury and under Tennessee law this is not work related, 0% work related." Employer filed a notice of denial the following day based on the authorized physician's causation opinion.

Employee filed a petition for benefits, and a dispute certification notice was issued on November 12, 2020, identifying the disputed issues as compensability, medical benefits, and temporary disability benefits. Following an expedited hearing, the trial court issued an order denying the requested benefits. In reaching its conclusion, the court stated that both physicians' causation opinions were flawed. In the trial court's view, Dr. Weick's opinion was based on a misunderstanding or misstatement of Tennessee law, and Dr. Cochran's opinion failed to address whether Employee's injury "was primarily caused by the work or merely related to it." However, the court noted that, as the authorized physician selected from a panel of physicians, Dr. Weick's causation opinion was entitled to a statutory presumption of correctness and, without a sufficient contrary medical opinion, Employee had failed to rebut that presumption.[2] Employee appealed, and on May 27, 2021, we affirmed the decision of the trial court and remanded the case.

Following our remand, the trial court entered a scheduling order and, on December 9, 2021, held a trial to determine if Employee was entitled to medical and disability benefits. At trial, Employee asked the court to compel Employer to send him to a specialist but submitted no medical proof that his injury arose primarily out of his employment. The trial court noted Employee referred to a causation opinion from Dr. Cochran, but Employee never attempted to move the document into evidence. Because Employee provided no medical proof of causation, the trial court found Employee had failed to establish by a preponderance of the evidence that his injury arose primarily out of and in the course and scope of his employment. Thus, the court concluded Employee was not entitled to workers' compensation benefits. Employee has appealed.

Employee is self-represented in this appeal, as he was in the trial court and in his previous appeal. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). However, as explained by the Court of Appeals,

> courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive

---

[2] *See* Tenn. Code Ann. § 50-6-102(14)(E) (2021).

2

and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted).

In his notice of appeal, Employee asserts Employer refused to provide medical care, prompting him to see a "doctor outside the company." He contends that, while a panel was subsequently offered, the doctor he selected worked in the same clinic, treated him in an inappropriate manner, and gave him an injection "which caused [him] pain." Employee asserts Employer's refusal to provide another doctor "was planned to end my work and lose my right and this is against TN law." Irrespective of these factual allegations, which are not corroborated in the record on appeal, Employee failed to identify any appealable issues or explain how he believes the trial court erred. Although Employee submitted email correspondence in support of his appeal, which we treat as his brief, we are unable to discern any factual or legal issues for review in Employee's correspondence. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as his counsel, which the law clearly prohibits. *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). As mandated by Tennessee Code Annotated section 50-6-239(c)(7), we must presume the trial court's factual findings are correct, unless the preponderance of the evidence is otherwise.

Moreover, Employee did not file a transcript or a statement of the evidence. Thus, "the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court." *Meier v. Lowe's Home Centers, Inc.*, No. 2015-02-0179, 2016 TN Wrk. Comp. App. Bd. LEXIS 30, at *3 (Tenn. Workers' Comp. App. Bd. July 27, 2016). Consistent with established Tennessee law, we must presume that the trial court's rulings were supported by sufficient evidence. *See Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

Finally, Employer contends Employee's appeal is frivolous and requests costs and/or attorney fees. Specifically, Employer asserts "there are no valid grounds" for Employee's appeal, no transcript submitted, no statement of the evidence and no brief in support of his appeal. A frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016).

3

"[P]arties should not be required to endure the hassle and expense of baseless litigation. Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success." *Id.* at *10-11 (citations omitted). We conclude Employee's appeal is devoid of merit and is frivolous. However, we exercise our discretion not to award attorneys' fees or other expenses for Employee's frivolous appeal. *See* Tenn. Comp. R. & Regs. 0800-02-22-.09(4) (2020).

For the foregoing reasons, we affirm the decision of the trial court and certify it as final. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Reazkallah Abdelshahaed | ) | Docket No. 2020-05-0836 |
| | ) | |
| v. | ) | State File No. 56254-2020 |
| | ) | |
| Taylor Farms, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 22nd day of March, 2022.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Reazkallah Abdelshahaed | X | X | | X | reazkallahabdelshahaed@yahoo.com<br>456 Cedar Park Circle<br>La Vergne, TN, 37086 |
| Peter Rosen | | | | X | prosen@vkbarlaw.com |
| Dale A. Tipps, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov